UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANNA SHANDALE,

    **Plaintiff,**

    v.

                             Civil Action 2:10-cv-1070
                             JUDGE GREGORY L. FROST
                             Magistrate Judge E.A. Preston Deavers

MELISA SAMPLES HARRINGTON, et al.,

    **Defendants.**

**ORDER**

    This matter is before the Court for consideration of Plaintiff's Motion for Default Judgment (ECF No. 13), filed in response to the Court's April 28, 2011 Show Cause Order (ECF No. 11).  In the Show Cause Order, the Court noted that the record lacked evidence of effective service over the remaining Defendants and directed Plaintiff to show cause why the Court should not dismiss this case pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service.  In Plaintiff's Motion, she indicates that she attempted to serve Defendant Melissa Samples Harrington via certified and regular mail.  Plaintiff asks the Court to find that she has perfected service and grant her request for default judgment.  She alternatively moves for additional time to perfect service.  For the reasons that follow, the Court **DENIES** Plaintiff's request that the Court find that she has perfected service and **DENIES** her request for default judgment, but **GRANTS** her request for additional time to effect service under Rule 4(m).

    Plaintiff's previous attempts to serve Defendant Harrington via certified mail are insufficient under Federal Rule of Civil Procedure 4 and Southern District of Ohio Local Civil

Rule 4.2 because she, rather than the Clerk, completed the mailing.[1] Local Rule 4.2 requires parties attempting to use Ohio certified mail service to take the following steps:

> (a) [Plaintiff] shall address the envelope to the person to be served, and shall place a copy of the summons and complaint or other document to be served in the envelope. [Plaintiff] shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. [Plaintiff] shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.
>
> (b) The Clerk shall enter the fact of mailing on the docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the Clerk shall forthwith notify, electronically or by regular mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. The Clerk shall enter the fact of notification on the docket and shall file the return receipt or returned envelope in the records of the action. (Ohio R. Civ. P. 4.1)
>
> (c) If service of process is refused or was unclaimed, the Clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification, files with the Clerk a request for ordinary mail service, accompanied by an envelope containing the summons and complaint or other document to be served, with adequate postage affixed to the envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint, or at the address set forth in instructions to the Clerk. The attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing. The attorney or party at whose instance the mailing is sent shall also endorse the answer day (twenty-one (21) days after the date of mailing shown on the certificate of mailing) on the summons sent by

---

[1] Put another way, to satisfy this Court's service requirements for service via certified mail, Plaintiff needs to bring all her service mailing materials, including a copy of the summons and Complaint, to the Clerk's Office for processing. Local Rule 4.2 (quoted above) describes the requirements in more detail.

2

>           ordinary mail. If the ordinary mail is returned undelivered, the Clerk shall
>           forthwith notify the attorney or serving party, electronically or by mail.
>
> (d)       The attorney of record or the serving party shall be responsible for
>           determining if service has been made under the provisions of Rule 4 of the
>           Ohio Rules of Civil Procedure and this Rule.

S.D. Ohio Civ. R. 4.2.

The Court **GRANTS** Plaintiff's request for additional time to effect service because the Court finds that Plaintiff, who is proceeding without the assistance of counsel, has made a good faith effort to effect service.  Accordingly, Plaintiff shall serve Defendant Harrington with her Complaint and provide the Court with appropriate proof of service, **ON OR BEFORE MAY 26, 2011**.  Plaintiff should consult with counsel or review Local Civil Rule 4.2 and Federal Rule 4 for guidance on proper methods of service.[2]  The Court cautions Plaintiff that failure to effect service on or before May 26, 2011, will likely result in dismissal of Defendant Harrington pursuant to Rule 4(m).

In sum, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion. (ECF No. 13.)  The Court declines to find that Plaintiff's previous efforts to serve Defendant Harrington constitute valid service.  Thus, the Court **DENIES** her requests for default judgment as premature.  The Court **GRANTS** her request for additional time to perfect service as set forth above.  The Court **DIRECTS** the Clerk to mail Plaintiff a packet containing guidance to *pro se* plaintiffs concerning service of process.

---

[2] Plaintiff's proposed method of "perfect[ing] service by over night express mail which would be signed as placed in Defendant's mail box . . ." is also improper under Federal Rule 4 and Local Rule 4.2.  (Mot. for Default 2, ECF No. 13.)

**IT IS SO ORDERED.**

Date:  May 13, 2011                                                    /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge